**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Andrew Felitt BEDENFIELD, Defendant—Appellant.**

**No. 06–10103.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2007.

Filed Feb. 16, 2007.

---

Camil A. Skipper, USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Michael B. Bigelow, Esq., Sacramento, CA, for Defendant–Appellant.

Before: NOONAN, TASHIMA, and CALLAHAN, Circuit Judges.

## ORDER *

Appellant pleaded guilty to one count of conspiracy to commit wire fraud and six counts of bank fraud and was sentenced to a 71–month term of imprisonment. He argues on appeal that the district court sentenced him outside of the scope of the plea agreement. We dismiss this appeal for lack of jurisdiction.

We review de novo whether a defendant has waived his right to appeal, and uphold a waiver of appeal contained in a plea agreement if it was made knowingly and voluntarily. *United States v. Anglin,* 215 F.3d 1064, 1066 (9th Cir.2000). The knowing and voluntary nature of an appeal waiver is determined by considering the circumstances surrounding the signing and entry of the plea agreement. *Id.* The scope of the waiver is determined by the

---

* This order is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

express language of the plea agreement. *Id.*

■ The record belies appellant's contention that his plea was entered involuntarily because the agreement guaranteed him a low-end guideline sentence. The plea agreement explained the district court's sentencing discretion. Moreover, at the plea hearing the judge made it abundantly clear that he would not render a sentence until he reviewed the presentence report, that if he did not follow the prosecutor's recommendations appellant would still be bound by the terms of the plea, and that after appellant's actual guideline range was determined, he could still sentence appellant either higher or lower than the guideline calculation. The record also demonstrates that appellant understood that he was waiving his right to appeal his sentence, provided his sentence did not exceed the "top of the sentencing guidelines range determined by the Court consistent with the sentencing guideline stipulations."

■ The district court's sentence did not exceed the scope of the appeal waiver. The sentencing guideline stipulations contained in the plea agreement included five guideline calculations agreed upon by the parties: Base Level Offense, Loss, Role in the Offense Adjustment, Adjusted Offense Level, and Acceptance of Responsibility. The stipulations also recognized two unknown—or yet-to-be-determined—calculations: Bedenfield's Criminal History, which the parties "believe[d]" to be Category V, and the Sentencing Range, which was 51 to 63 months "assuming" a Category V Criminal History.

The district court calculated appellant's sentencing guideline range at 57 to 71

months based on a Category VI Criminal History, and sentenced him within this range. This guideline range determination was within the scope of the sentencing guideline stipulations contained in the plea agreement because the stipulations regarding appellant's guideline range were to an assumption and a belief, not to an agreed upon Criminal History Category. Accordingly, appellant's 71 month sentence was consistent with the plea agreement stipulations and within the parameters of the appeal waiver.

**DISMISSED.**